UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA D. BLAND,<br><br>            Plaintiff,<br><br>    v.<br><br>DOE,<br><br>            Defendant. | Case No. 1:19-cv-01499-EPG (PC)<br><br>ORDER ALLOWING PLAINTIFF'S FIRST AMENDED COMPLAINT TO PROCEED AGAINST DEFENDANT DOE ON PLAINTIFF'S CLAIM FOR VIOLATION OF HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS<br><br>(ECF NO. 16)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF A COPY OF FORM AO 88B AND FORM USM-285<br><br>THIRTY (30) DAY DEADLINE |

Joshua D. Bland ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the complaint commencing this action on October 18, 2019. (ECF No. 1). The Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 15). Plaintiff was given leave to amend (id.), and on April 23, 2020, Plaintiff filed his First Amended Complaint (ECF No. 16).

The Court has screened Plaintiff's First Amended Complaint and finds that Plaintiff has stated a cognizable claim against defendant Doe for violation of his Fourteenth Amendment right to due process.

As the only defendant in this case is a Doe defendant, the Court will not authorize

service of process at this time.  Instead, the Court will allow Plaintiff to subpoena documents from the California Department of Corrections and Rehabilitation that may allow him to identify defendant Doe.  If Plaintiff is able to identify defendant Doe, he should file a motion to substitute the named individual in place of defendant Doe.  If Plaintiff fails to file a motion to substitute a named individual in place of defendant Doe within 120 days from the date of service of this order, the Court will recommend dismissal of Plaintiff's case.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(1), (2).  As Plaintiff is proceeding *in forma pauperis* (ECF No. 8), the Court may also screen the complaint under 28 U.S.C. § 1915.  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting this plausibility standard.  *Id.* at 679.  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Additionally, a plaintiff's legal conclusions are not accepted as true.  *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.   SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff alleges as follows:

Plaintiff caused to be sent to Kern Valley State Prison Receiving and Release one pair of $1,500 hearing aids. The hearing aids were to be sent to his father for repairs. Plaintiff's father never received the hearing aids. On the form provided by the California Department of Corrections and Rehabilitation to ship the hearing aids out, Plaintiff indicated that, in the event he was without funds to pay shipping charges, the hearing aids should be returned to him. Even without funds Plaintiff's account was charged $1.61. Plaintiff appealed the process, and all three levels were denied.

Plaintiff was defrauded out of his $1,500 hearing aids and his $1.61.

## III.   EVALUATION OF PLAINTIFF'S CLAIMS

### A.  Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the

Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B. Plaintiff's Claim for Violation of his Fourteenth Amendment Due Process Rights

Plaintiff asserts a claim under the Fourteenth Amendment based on defendant Doe's failure to send his hearing aids to his father or return them to Plaintiff.

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). Authorized intentional deprivation of property pursuant to an established state procedure is actionable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 532 & n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982)); *Quick v. Jones*, 754

F.2d 1521, 1524 (9th Cir. 1985).  On the other hand, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533.  And, "California law provides an adequate post-deprivation remedy for any property deprivations." *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95).  Additionally, "the Due Process Clause is [] not implicated by a *negligent* act of an official causing unintended loss of or injury to … property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Plaintiff appears to be alleging that he attempted to send his $1,500 hearing aids to his father so that they could be repaired.  However, he had insufficient funds to pay for his hearing aids to be sent to his father.  Because Plaintiff had insufficient funds, his $1,500 hearing aids were not sent to his father or returned to him.

Although it is possible that the failure to send Plaintiff his hearing aids was an unauthorized intentional deprivation of property, construing the facts liberally in favor of Plaintiff, Plaintiff has alleged that there was an intentional deprivation of property pursuant to an established state procedure regarding what happens to property that is supposed to be shipped if an inmate has insufficient funds to ship the property.  Thus, the Court will allow a claim for violation of Plaintiff's Fourteenth Amendment due process rights to proceed past screening.

There remains the issue of what person made the decision not to return Plaintiff's hearing aids.  Plaintiff does not identify this person, and likely does not know that person's identity.  Accordingly, the Court is allowing a claim against a Doe Defendant at this time, but Plaintiff must identify that person in order to go forward with his lawsuit.  Plaintiff has 120 days to identify the person.  As described more below, Plaintiff may request documents from the CDCR that will help Plaintiff in identifying and locating the person (or a different third party, if the CDCR does not have the necessary documents).  The Court will provide Plaintiff with a form for a third-party subpoena.  On that form, Plaintiff should describe documents he seeks that would help him identify the person who failed to send his hearing aids to his father

or return them to Plaintiff.  After Plaintiff receives documents, he will need to use those documents to substitute a named individual in place of defendant Doe, so that the named individual can be served and participate in the lawsuit.  If Plaintiff fails to file a motion to substitute in 120 days, the Court will recommend that this case be dismissed.

### IV.     CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that Plaintiff has stated a cognizable claim against defendant Doe for violation of his Fourteenth Amendment right to due process.

As the only defendant in this case is a Doe defendant, the Court will not authorize service of process at this time.  Instead, the Court will allow Plaintiff to subpoena documents from the California Department of Corrections and Rehabilitation that may allow him to identify defendant Doe.  When completing the subpoena form (form AO 88B), Plaintiff should identify with specificity the documents he is seeking.  Once Plaintiff has completed and returned form AO 88B and form USM-285, the Court will direct the United States Marshals Service to serve the subpoena on the California Department of Corrections and Rehabilitation.[1]  The Court notes that it may limit Plaintiff's request for production of documents.

If Plaintiff is able to identify defendant Doe, he should file a motion to substitute. Plaintiff must file a motion to substitute within 120 days from the date of service of this order.[2]

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. This action proceed against defendant Doe on Plaintiff's claim for violation of his Fourteenth Amendment right to due process;
2. The Clerk of Court is directed to send Plaintiff a copy of form AO 88B and a copy of form USM-285;
3. Plaintiff has thirty days from the date of service of this order to complete and return

---

[1] If after being served with the subpoena the California Department of Corrections and Rehabilitation fails to respond or objects to providing documents, Plaintiff may file a motion to compel.  The motion must be filed with the Court and served on the California Department of Corrections and Rehabilitation.

[2] Plaintiff may request additional time if he requires it, with an explanation of what he has done to identify the person and why additional time is necessary.

form AO 88B and form USM-285;

4. Plaintiff has 120 days from the date of service of this order to file a motion to substitute a named defendant in place of defendant Doe; and

5. <u>Failure to comply with this order may result in the dismissal of this action</u>

IT IS SO ORDERED.

Dated: __**May 5, 2020**__                    /s/ *Erica P. Grosjean*
                                                                                    UNITED STATES MAGISTRATE JUDGE