UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA D. BLAND,<br><br>   Plaintiff,<br><br>   v.<br><br>DOE,<br><br>   Defendant. | Case No. 1:19-cv-01499-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(ECF No. 19)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Joshua D. Bland ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On May 5, 2020, the Court screened Plaintiff's First Amended Complaint. (ECF No. 19). The Court ordered that "[t]his action proceed against defendant Doe on Plaintiff's claim for violation of his Fourteenth Amendment right to due process." (Id. at 6). As the only defendant in the case is a Doe defendant, the Court allowed Plaintiff to subpoena documents from the California Department of Corrections and Rehabilitation ("CDCR") so that Plaintiff could identify defendant Doe. (Id.). The Court also gave Plaintiff 120 days from the date of service of the order to file a motion to substitute a named defendant in place of defendant Doe. (Id. at 7). Plaintiff was warned that "[f]ailure to comply with this order may result in the dismissal of this action." (Id.).

1

Plaintiff subpoenaed documents from the CDCR (ECF No. 22), and the CDCR filed a notice of compliance with the subpoena on June 19, 2020 (ECF No. 24). However, except for filing a frivolous motion for reconsideration (ECF No. 25), Plaintiff has done nothing else in this case since the CDCR responded. Plaintiff has not requested additional discovery or filed a motion to substitute, and the 120-day period for Plaintiff to file a motion to substitute has now expired. Accordingly, the Court will recommend that this case be dismissed, without prejudice, for failure to comply with a court order and failure to prosecute.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Pagtalunan, 291 at 639. Plaintiff failed to file a motion to substitute, and this case cannot proceed until he does. This failure is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. at 642 (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Considering Plaintiff's incarceration and *in forma pauperis* status, it appears that monetary sanctions are of little use. And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available.  Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  Id.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.  Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to comply with a court order and to prosecute this case; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

\\\
\\\
\\\
\\\
\\\

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **September 17, 2020**         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE