UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA D. BLAND,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>REUBEN A. SALAZAR II,<br><br>　　　　Defendant. | Case No. 1:19-cv-01499-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>(ECF No. 30)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

　　　　Joshua Bland ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on Plaintiff's claim against defendant Reuben A. Salazar II for violation of Plaintiff's Fourteenth Amendment right to due process.  (ECF No. 32).

　　　　On September 25, 2020, Plaintiff filed a motion for injunctive relief.  (ECF No. 30).

　　　　For the reasons that follow, the Court will recommend that Plaintiff's motion be denied.

**I.　PLAINTIFF'S MOTION**

　　　　Plaintiff alleges that he has been put up for transfer to Kern Valley State Prison ("KVSP"), which is where the incidents at issue in this case occurred.  Plaintiff also filed other lawsuits based on incidents that occurred at KVSP.  Plaintiff asks the Court to prevent his transfer to KVSP because he believes that the transfer will ultimately lead to Plaintiff being attacked and

1

1   battered again, if not killed.

2   **II.     LEGAL STANDARDS**

3   A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

### III. ANALYSIS

This action is proceeding on Plaintiff's claim against defendant Reuben A. Salazar II for violation of Plaintiff's Fourteenth Amendment right to due process based on Plaintiff's allegation that he was intentionally deprived of his hearing aids pursuant to an established state procedure regarding what happens to property that is supposed to be shipped if an inmate has insufficient funds to ship the property. Plaintiff's request for injunctive relief, which is based on a fear of being attacked by unnamed individuals, appears to have no relationship to this claim.[1]

As Plaintiff is seeking injunctive relief based on claim(s) not pled in the complaint, the Court will recommend that Plaintiff's motion be denied. Pac. Radiation Oncology, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

### IV. RECOMMENDATION

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for injunctive relief be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 13, 2020**      /s/ Erica P. Grosjean
                                 UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that Plaintiff filed a similar request for injunctive relief in Bland v. Rodriguez, E.D. Cal., 1:20-cv-00478 (ECF No. 20). That motion is pending, and the allegations in the motion may be related to the factual allegations in Bland v. Rodriguez.