1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   JOSHUA D. BLAND,                          Case No.  1:19-cv-01499-NONE-EPG (PC)

12                  Plaintiff,                  FINDINGS AND RECOMMENDATIONS
                                                RECOMMENDING THAT DEFENDANT'S
13          v.                                  MOTION TO DISMISS BE DENIED AND
                                                THAT DEFENDANT'S MOTION TO STRIKE
14   REUBEN A. SALAZAR II,                      BE DENIED

15                  Defendant.                  (ECF Nos. 39 & 45)

16                                              OBJECTIONS, IF ANY, DUE WITHIN
                                                TWENTY-ONE (21) DAYS
17

18          Joshua Bland ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in

19   this civil rights action filed pursuant to 42 U.S.C. § 1983.

20          Plaintiff filed the complaint commencing this action on October 18, 2019.  (ECF No. 1).

21   On April 23, 2020, Plaintiff filed his First Amended Complaint ("FAC").  (ECF No. 16).  Upon

22   screening the FAC, this Court found that Plaintiff had stated a cognizable claim against defendant

23   Doe.  (ECF No. 19).  Defendant Reuben A. Salazar II was substituted in place of defendant Doe

24   on September 30, 2020.  (ECF No. 32).  This case is now proceeding on Plaintiff's claim against

25   defendant Salazar for violation of Plaintiff's Fourteenth Amendment right to due process.  (ECF

26   No. 32).

27          On December 7, 2020, Defendant Salazar filed a motion to dismiss and a request for

28   judicial notice.  (ECF Nos. 39 & 40).  Plaintiff filed an opposition to Defendant's motion to

                                                1

1    dismiss on December 21, 2020.  (ECF No. 42).  Defendant filed a reply on December 28, 2020.

2    (ECF No. 43).  Plaintiff filed an unauthorized surreply on January 6, 2021.  (ECF No. 44).

3    Defendant filed a motion to strike the surreply on January 13, 2021.  (ECF No. 45).

4            Defendant argues that Plaintiff failed to file the present action within the applicable statute

5    of limitations.  For the reasons stated herein, the undersigned recommends that Defendant's

6    motion to dismiss be denied and that his motion to strike be denied.

7    **I.      SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

8            Plaintiff alleges as follows:

9            Plaintiff caused to be sent to Kern Valley State Prison Receiving and Release one pair of

10   $1,500 hearing aids.  The hearing aids were to be sent to his father for repairs.  Plaintiff's father

11   never received the hearing aids.  On the form provided by the California Department of

12   Corrections and Rehabilitation to ship the hearing aids out, Plaintiff indicated that, in the event he

13   was without funds to pay shipping charges, the hearing aids should be returned to him.  Even

14   without funds, Plaintiff's account was charged $1.61.  Plaintiff appealed the process, and all three

15   levels were denied.  Plaintiff was defrauded out of his $1,500 hearing aids and his $1.61.

16           On May 15, 2020, Plaintiff filed two exhibits with the Court accompanied by a note

17   requesting the exhibits be attached to the FAC.[1]  (ECF No. 21 at 1).  Exhibit One is a receipt for

18   hearing aids.  (Id. at 2-3).  Exhibit Two is a Kern Valley State Prison ("KVSP") Trust Withdrawal

19   Slip dated March 29, 2015, which is stamped with a received date of April 2.  (Id. at 4-5).

20           The Court's screening order allowed Plaintiff's claim for violation of his Fourteenth

21   Amendment due process rights to proceed past screening.  (ECF No. 19).  The Court reviewed the

22   legal standards, then applied them to defendant Doe (subsequently identified as defendant

23   Salazar) as follows:

24   ///

---

[1] While Plaintiff's supplemental exhibits are in contravention of Local Rule 220, "[a] district court has broad discretion over its own local rules and it may overlook violations where there is no indication that the opposing party is *prejudiced*."  United States v. Hempfling, 431 F. Supp. 2d 1069, 1087 (E.D. Cal. 2006) (emphasis in original). Here, the Court will allow Plaintiff to add his exhibits in this manner because Defendant is not prejudiced by the addition, nor has Defendant argued so. Rather, Defendant relies on Plaintiff's exhibits in attempting to establish the untimeliness of Plaintiff's complaint.

1
2
3

> Plaintiff appears to be alleging that he attempted to send his $1,500 hearing aids to his father so that they could be repaired. However, he had insufficient funds to pay for his hearing aids to be sent to his father. Because Plaintiff had insufficient funds, his $1,500 hearing aids were not sent to his father or returned to him.

4
5
6
7

> Although it is possible that the failure to send Plaintiff his hearing aids was an unauthorized intentional deprivation of property, construing the facts liberally in favor of Plaintiff, Plaintiff has alleged that there was an intentional deprivation of property pursuant to an established state procedure regarding what happens to property that is supposed to be shipped if an inmate has insufficient funds to ship the property. Thus, the Court will allow a claim for violation of Plaintiff's Fourteenth Amendment due process rights to proceed past screening.

8   (Id. at 5).

9   **II.      MOTION TO DISMISS LEGAL STANDARDS**

10      In considering a motion to dismiss, the Court must accept all allegations of material fact in

11  the complaint as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Hosp. Bldg. Co. v. Rex

12  Hosp. Trustees, 425 U.S. 738, 740 (1976). The Court must also construe the alleged facts in the

13  light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on

14  other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Barnett v. Centoni, 31 F.3d 813, 816

15  (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's

16  favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). In addition, pro se pleadings "must

17  be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler,

18  627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally

19  construed after Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

20      A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the

21  complaint. See Iqbal, 556 U.S. at 679. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a

22  short and plain statement of the claim showing that the pleader is entitled to relief,' in order to

23  'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" Bell

24  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v.

25  Gibson, 355 U.S. 41, 47 (1957)). "The issue is not whether a plaintiff will ultimately prevail but

26  whether the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S. at

27  236 (1974).

28  ///

1    **III.    DEFENDANT'S MOTION TO DISMISS**

2         **A.    Defendant's Motion**

3         In his motion to dismiss, Defendant argues that Plaintiff's suit is barred by the statute of

4    limitations.  (ECF No. 39-1 at 3).  In support, Defendant relies on Plaintiff's exhibits to the FAC,

5    (ECF No. 21), and Plaintiff's subpoena, (ECF No. 22-1), to determine the accrual date of

6    Plaintiff's claim.[2]  (ECF No. 39-1 at 3-4).  Defendant then argues that Plaintiff's claim is

7    untimely by over six months based on a two-year limitations period that was statutorily tolled for

8    an additional two years.  (Id. at 4).  Defendant then argues that Plaintiff is not entitled to any

9    equitable tolling because such tolling runs concurrently with the two years of statutory tolling that

10   Plaintiff already received.  (Id. at 5-6).  In addition, Defendant argues that Plaintiff admitted in his

11   original complaint that he did not complete the exhaustion process, and therefore, Plaintiff is not

12   entitled to exhaustion of administrative remedies.  (Id. at 6).

13        **B.    Plaintiff's Opposition**

14        Plaintiff begins his opposition by arguing that there is no statute of limitations for fraud in

15   California.  He then challenges the constitutionality of Cal. Civ. Proc. Code §§ 335.1 & 352.1, as

16   well as the Prison Litigation Reform Act.  (ECF No. 42 at 1).  Plaintiff's final objection is that the

17   Attorney General should represent Plaintiff in this case as opposed to Defendant.  (Id. at 1).

18        **C.    Plaintiff's Surreply**

19        Plaintiff filed an unauthorized surreply on January 6, 2021.  (ECF No. 44).  In the

20   surreply, among the same claims presented in his opposition, Plaintiff states that he "exhausted

21   the available administrative remedies provided him."  (Id. at 2).  Plaintiff's surreply also contains

22   a declaration that states, in relevant part:

23        3. THAT, some months later Affiant's father tells Affiant that he never got said
          hearing aids.

24        4. THAT, Affiant immediately submitted an administrative appeal, to which the
25        Appeals Coordinator never replies, thus, making such process effectively
          unavailable.

26        5. THAT, Affiant, not knowing what else to do, Affiant continue [sic] to attempt

27   ───────────────────────

28   [2] While Defendant relies on Plaintiff's subpoena to help establish the date of loss, in light of the exhibits attached to
     the FAC, reliance on the subpoena is not necessary.

1    to submit appeals, all to no avail.

2    (Id. at 4).

3    **IV.    DISCUSSION**

4    **A.    Defendant's Motion to Strike**

5    Plaintiff filed a surreply on January 6, 2021, (ECF No. 44), which Defendant moves to

6    strike. (ECF No. 45). While the Court generally views surreplies with disfavor, and Plaintiff did

7    not request, nor did the Court grant permission to file one, "district courts have the discretion to

8    either permit or preclude a surreply." Garcia v. Biter, 195 F. Supp. 3d 1131, 1134 (E.D. Cal.

9    2016) (citing U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009),

10   overruled on other grounds by U.S. ex rel. Hartpence v. Kinetic Concepts, Inc., 792 F.3d 1121

11   (9th Cir. 2015)). Considering that Plaintiff is *pro se*, that this is a motion to dismiss, and that

12   Plaintiff's surreply raises relevant arguments regarding exhaustion and accrual, the Court

13   recommends permitting Plaintiff's surreply and denying Defendant's motion to strike.

14   **B.    Statute of Limitations**

15   **1.    Law Related to Statute of Limitations for Relevant Claim**

16   California's two-year statute of limitations for personal injury actions applies to § 1983

17   claims brought in this state. Butler v. Nat'l Cmty. Renaissance of Cal., 766 F.3d 1191, 1198 (9th

18   Cir. 2014); Cal. Code Civ. Proc. § 335.1. However, the statute of limitations can be tolled for

19   various reasons, including statutory and equitable tolling.

20   Whether a plaintiff is entitled to statutory or equitable tolling is determined by California

21   law, except to the extent that California laws are inconsistent with federal law. Jones v. Blanas,

22   393 F.3d 918, 927 (9th Cir. 2004). California law provides for the statutory tolling for the

23   disability of imprisonment for up to two years when the plaintiff is imprisoned for less than a life

24   term. Cal. Civ. Code § 352.1. On the other hand, equitable tolling "operates independently of the

25   literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as

26   necessary to ensure fundamental practicality and fairness." Jones, 393 F.3d at 928 (quoting

27   Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003)) (internal quotation marks omitted).

28

1    "Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable

2    tolling is automatic: 'It has long been settled in this and other jurisdictions that whenever the

3    exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the

4    running of the limitations period is tolled during the time consumed by the administrative

5    proceeding.'" McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 101 (2008)

6    (quoting Elkins v. Derby, 12 Cal. 3d 410, 414 (1974)).  See also Brown v. Valoff, 422 F.3d 926,

7    943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner

8    completes the mandatory exhaustion process.").

9        "The burden of alleging facts which would give rise to tolling falls upon the plaintiff."

10    Hinton Pacific Enterprises, 5 F.3d 391, 395 (9th Cir. 1993).  However, equitable tolling need not

11    be explicitly pleaded.  Rather, a complaint must provide sufficient assertions to show tolling:

12        Our court of appeals has addressed equitable tolling, and in doing so, stated that
13        "[a] motion to dismiss based on the running of the statute of limitations period
          may be granted only if the assertions of the complaint, read with the required
14        liberality, would not permit the plaintiff to prove that the statute was
          tolled." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206–07 (9th Cir.
15        1995).  "It is not necessary that the complaint explicitly plead equitable tolling," if
          "facts are alleged suggesting the applicability of equitable tolling to suspend the
16        running of the statute [of limitations]." Audio Marketing Services, S.A.S. v.
          Monster Cable Products, Inc., C 12–04760 WHA, 2013 WL 633202, *6 (N.D.
17        Cal. Feb. 20, 2013).

18    Biotechnology Value Fund, L.P. v. Celera Corp., 12 F. Supp. 3d 1194, 1206 (N.D. Cal. 2013)

19    (emphases omitted and parentheticals accordingly changed).

20        "Generally, the applicability of equitable tolling depends on matters outside the pleadings,

21    so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to

22    the complaint) if equitable tolling is at issue." Huynh v. Chase Manhattan Bank, 465 F.3d 992,

23    1003-04 (9th Cir. 2006); accord Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir.

24    1993) ("California's fact-intensive test for equitable tolling is more appropriately applied at the

25    summary judgment or trial stage of litigation.").

26        In addition to tolling principles, the date a claim accrues may also affect the timeliness of

27    the claim.  "Although state law determines the length of the limitations period, federal law

28

6

1    determines when a civil rights claim accrues."  Morales v. City of Los Angeles, 214 F.3d 1151,

2    1153–54 (9th Cir. 2000).  "Under federal law, a claim accrues when the plaintiff knows or has

3    reason to know of the injury which is the basis of the action."  TwoRivers v. Lewis, 174 F.3d 987,

4    991 (9th Cir. 1999).

5                    **2.      Consecutive Versus Concurrent Tolling**

6           Defendant's motion is based on the argument that Plaintiff is not entitled to tolling on both

7    statutory and equitable grounds.  (ECF No. 39-1 at 5) (Even though "Plaintiff is entitled to two

8    years of statutory tolling due to his 'disability' of imprisonment… he is not entitled to additional

9    time during the exhaustion process.").  Therefore, whether or not Plaintiff's claim can be deemed

10   untimely based on the face of the complaint rests upon the legal issue of whether applicable

11   tolling should run consecutively or concurrently.

12          The Court has not found any controlling authority on point, nor has either party cited to

13   any.  Instead, Defendant relies on the case of Stevenson v. Holland, 2017 WL 2958731 (E.D. Cal.

14   July 7, 2017), which summarized the divergent positions taken by district courts, but ultimately

15   came out against Defendant's position.  In Stevenson v. Holland, the court notes that, "[n]o

16   binding authority on this question exists and district courts in this circuit are divided."  2017 WL

17   2958731 at 5.  The court then provides a thoughtful evaluation of the jurisdictional split as

18   follows:

19           Most of the district courts that have permitted equitable tolling in addition to
             statutory tolling when the tolling events overlap have relied upon language from
20           *Lantzy*: "[e]quitable tolling under California law operates independently of the
             literal wording of the [California] Code of Civil Procedure to suspend or extend a
21           statute of limitations as necessary to ensure fundamental practicality and fairness."
             *E.g., Carranza v. Lewis*, 2017 WL 1050538, *17-18 (N.D. Cal. Mar. 17, 2017);
22           *Beard v. Pennington*, 2015 WL 7293652, *6-7 (N.D. Cal. Nov. 19, 2015); *Burns v.
             Crook*, 2008 WL 5103183, *3 (S.D. Cal. Dec. 3, 2008).  Those courts have read
23           California law regarding equitable tolling to require tacking of additional time
             (beyond the statutory tolling period) to the end of a limitations period when an
24           equitable tolling event occurs during a period of statutory tolling.  *Carranza*, 2017
             WL 1050538 at *18 ("[N]o matter when [the equitable tolling event] took place,
25           [the duration of the equitable tolling event] is tacked onto the end of the limitations
             period."); *Akhtar v. Mesa*, 2014 WL 1922576, *7-8 (E.D. Cal. May 14, 2014);
26           (applying tolling for the duration of the prison exhaustion process and statutory
27           tolling to a prisoner's claim to extend the limitations period beyond four years);

28

7

*Dawkins v. Woodford,* 2012 WL 554371, *5 (S.D. Cal. Feb. 21, 2012) (same); *Crayton v. Hedgpeth,* 2011 WL 1988450, *9 (E. D Cal. May 20, 2011) (same); *Burns*, 2008 WL 5103183 at *3 (same); *see also Adler*, 2013 WL 3481584 at *5 (assuming without deciding that the plaintiff could receive the benefit of equitable and statutory tolling even when the tolling events overlap in time).

The district courts that have declined to apply equitable tolling in addition to statutory tolling when the equitable tolling event overlaps with the period of statutory tolling have relied upon (1) the "common sense" explanation that "when two or more reasons for tolling exist" during the same period that those reasons "will toll concurrently during the time they are both active, and are not tacked consecutively, one upon the other," and (2) *Rose v. Petaluma & S.R. Ry. Co.* for the proposition that separate periods of disability cannot be tacked. *Lopez v. Schwarzenegger*, 2012 WL 78377, *5 (E.D. Cal. Jan. 10, 2012); *accord Oliver v. McDaniel,* 2016 WL 4535389, *3 (C.D. Cal. June 2, 2016); *see also Martin v. Biaggini*, 2015 WL 1399240, *4 (N.D. Cal. Mar. 26, 2015) (identifying that *Rose* and *Lantzy* are both inapt analogs but agreeing that overlapping reasons for tolling should result in only a single period of tolling).

The former camp's reasoning is most consistent with Ninth Circuit authority on tolling pending exhaustion of administrative relief. *Brown v. Valoff*, 422 F.3d at 943 (tolling the limitations period during the administrative exhaustion process without regard to statutory tolling); *see Elmore v. Arong*, 2010 WL 366628, *2 (E.D. Cal. Jan. 26, 2010). Application of statutory and equitable tolling consecutively is also more consistent with the mandate of California law to tack time to the end of the limitations period for equitable tolling. *See Lantzy*, 31 Cal.4[th] at 370-371.

Stevenson v. Holland, 2017 WL 2958731 at 5-6 (alteration in original) (footnotes omitted).

This Court agrees with the logic found in Stevenson v. Holland and its recent progeny within the Eastern District and finds that consecutive tolling is appropriate here. See Johnson v. Frauenheim, 2020 WL 4890297, (E.D. Cal. Aug. 20, 2020) ("Following the logic of Stevenson v. Holland, this Court concludes that the tolling periods apply consecutively."). Therefore, the Court recommends rejecting Defendant's argument that Plaintiff is not entitled to additional tolling while exhausting his administrative remedies.

### 3. Calculation of Statute of Limitations

Now that the Court has found that statutory and equitable tolling should be applied consecutively, it turns to whether Plaintiff's claims are clearly barred by the statute of limitations based on the facts alleged in the complaint.

8

1  Defendant argues that Plaintiff's claim accrued on April 2, 2015, which tolled until April

2  2, 2017, due to Plaintiff's disability of incarceration.  Cal. Civ. Proc. Code § 352.1.  California's

3  two-year limitations period for § 1983 claims then took effect, and Plaintiff's claim expired,

4  absent further tolling, on April 2, 2019.  Plaintiff filed his claim on October 18, 2019—

5  approximately six-and-a-half months later.

6  But, again, this calculation does not include any tolling for exhaustion of administrative

7  remedies.  Plaintiff, however, claims that he did exhaust (or attempted to exhaust) his

8  administrative remedies.  In his First Amended Complaint, Plaintiff indicates by checkmark that

9  there was an available inmate appeal or administrative remedy, that he filed an appeal or

10  grievance, and the process was completed.  (ECF No. 16 at 2).  In response, Defendant argues

11  that Plaintiff admitted in the original complaint to not having exhausted his administrative

12  remedies.  (ECF No. 39-1 at 6) (Defendant cites to the original complaint, (ECF No. 1 at 9),

13  where Plaintiff indicates that he did not "appeal [his] request for relief… to the highest level.").

14  However, Plaintiff's earlier statement is not a conclusive judicial admission.  See Huey v.

15  Honeywell, Inc., 82 F.3d 327, 333 (9th Cir. 1996) ("When a pleading is amended or withdrawn,

16  the superseded portion ceases to be a conclusive judicial admission…").[3]  Additionally, in

17  Plaintiff's surreply, he claims that administrative remedies were not available to him.  (ECF No.

18  44 at 4) ("…the Appeals Coordinator never replies, thus, making such process effectively

19  unavailable"; and "[Plaintiff] continue [sic] to attempt to submit appeals, all to no avail.").

20  Plaintiff's assertion in his FAC that he exhausted administrative remedies and his claim

21  that any failure to exhaust was due to unavailability of administrative remedies prevents the Court

22  from finding that Plaintiff's claims are barred by the statute of limitations, at this stage in the

23  case.  Given that this is not a motion for summary judgment as to exhaustion of administrative

24  remedies, or even a motion to dismiss on that basis, Plaintiff's explanations prevent this Court

25

26  [3] The Court notes that, in opposing this motion to dismiss, Plaintiff has provided different versions of events
regarding the grievance process.  See, e.g., (ECF No. 1 at 9) (Plaintiff has not completed the exhaustion process);
27  (ECF No. 16 at 2) (Plaintiff has completed the exhaustion process); and (ECF No. 44 at 4) (Plaintiff submitted and
continues to submit appeals without response from the administrative coordinator).  While these different versions
28  cast doubt on Plaintiff's assertion that he properly exhausted all available administrative remedies, the Court cannot
resolve this factual dispute in connection with this motion to dismiss.

1 from holding that Plaintiff is not entitled to any tolling for exhaustion of administrative remedies.

2 Thus, it is not clear on the face of the complaint that Plaintiff's claim is untimely. [4]   The Court

3 therefore recommends denying Defendant's motion to dismiss. [5]

4 **4.      Plaintiff's Additional Arguments**

5     Finally, the Court briefly addresses several arguments Plaintiff raises in his opposition.

6 First, Plaintiff challenges the constitutionality of California's applicable two-year statute of

7 limitations.  Plaintiff, however, does not include any relevant reasoning or caselaw indicating

8 why the limitations period is unconstitutional, and the Ninth Circuit has regularly applied it to §

9 1983 actions.  See, e.g., Lockett v. Cty. of Los Angeles, 977 F.3d 737, 739 (9th Cir. 2020)

10 (finding that Cal. Civ. Proc. Code § 335.1 applies to section 1983 civil rights actions in

11 California).  Indeed, Plaintiff's very argument has already been deemed frivolous by another

12 court; albeit after he submitted this argument.  Bland v. Moffett, 2021 WL 1222792, at *1 (E.D.

13 Cal. Apr. 1, 2021) (finding Plaintiff's constitutional challenge to the statute of limitations

14 frivolous).

15     Plaintiff next claims that his First and Fourteenth Amendment rights have been impeded

16 by application of Cal. Civ. Proc. Code § 335.1 but provides no justification or relevant cases to

17 support this contention.

18     Plaintiff also argues that there is no statute of limitations for fraud in California.  This

19 argument is meritless because this case is proceeding on a § 1983 due process claim which

20 borrows California's two-year statute of limitations.  See Butler v. Nat'l Cmty. Renaissance of

21 Cal., 766 F.3d 1191, 1198 (9th Cir. 2014) (applying California's two-year statute of limitations in

22

23 [4] Nothing in this order holds that Plaintiff has properly exhausted all administrative remedies, or that Plaintiff's
complaint was in fact timely filed.  The Court is only recommending denying Defendant's motion to dismiss because
24 it cannot conclude that Plaintiff's claims are barred based on the face of the complaint.

[5] There is also a dispute regarding when Plaintiff's claim accrued.  As described above, Defendant's motion is based
25 on an accrual date of April 2, 2015, which is the date that Plaintiff turned over his hearing aids for shipping.  (ECF
No. 21 at 5).  However, Plaintiff states in his surreply that he became aware of his loss "some months later."  (ECF
26 No. 44 at 4).  A federal claim accrues when "the plaintiff knows or has reason to know of the injury[,]" TwoRivers,
174 F.3d at 991, and an injury occurs "when the plaintiff knew or in the exercise of reasonable diligence should have
27 known of the injury and the cause of that injury."  Lukovsky v. City & Cnty. of San Francisco, 535 F.3d 1044, 1050
(9th Cir. 2008).  Here, because Plaintiff indicates that he was not immediately aware of his loss, and it does not
28 appear that Plaintiff was in a position to know when his injury occurred, the beginning of the limitations period is
unclear, and Plaintiff may be entitled to delayed accrual.

the § 1983 context).  No claim for fraud is proceeding in this case.

Next, Plaintiff argues that the PLRA is unconstitutional.  This argument does not relate to the timeliness of his claim.  In any event, courts have long held that the PLRA is constitutional.  A recent case summarized the relevant authority as follows:

> [F]ederal courts have consistently rejected claims that the PLRA violates the Constitution. See Gilmore v. People of the State of California, 220 F.3d 987, 1008 (9th Cir. 2000) ("No circuit court has found the PLRA to violate due process or the Equal Protection Clause. We decline to stray from these precedents.[")]; Polanco v. Hopkins, 510 F.3d 152, 156 (2d Cir. 2007) (joining the other circuits that have upheld the constitutionality of this statute.); White v. State of Colo., 157 F.3d 1226, 1235 (10th Cir. 1998) ("we now join the Eleventh, Sixth, and Fifth Circuits in concluding that § 1915(g) does not violate the guarantees of equal protection and due process); Gavin v. Branstad, 122 F.3d 1081, 1092 (8th Cir. 1997) (reversing district court decision that immediate termination decision of PLRA was unconstitutional); Madrid v. Gomez, 190 F.3d 990, 996 (9th Cir. 1999) ("the government's interest was apparently to curtail frivolous prisoners' suits and to minimize the costs—which are borne by taxpayers—associated with those suits" and survive the minimal standard for rational basis review.); see also Morrison v. Davis, 88 F.Supp.2d 799, 808 (S.D. Ohio 2000), amended in part, 195 F.Supp.2d 1019 (S.D. Ohio 2001) ("This Court finds that although the PLRA does single out prisoners for a particular burden in § 1983 actions, Congress's goal in placing that burden on prisoners was to bring prisoners' litigation incentives on par with, not below, non-incarcerated litigants. The principles of equal protection do not prevent Congress from burdening prisoners in this way. Thus, Plaintiff's arguments fit better in the legislative rather than the judicial forum.").

Luedtke v. Drozd, 2020 WL 7490085, at *3 (E.D. Cal. Dec. 21, 2020), report and recommendation adopted, 2021 WL 147999 (E.D. Cal. Jan. 15, 2021).

Finally, Plaintiff argues that the Attorney General should represent him instead of Defendant in this action.  The Court finds no merit to this claim.  Plaintiff cites to no relevant cases or law indicating that he is entitled to such representation, nor is the Court aware of any.

## V.   CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, the Court recommends denying Defendant's motion to dismiss because it cannot find, based on the face of the complaint, that Plaintiff's claims are time barred.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Defendant's motion to strike (ECF No. 45) be DENIED; and

2.  Defendant's motion to dismiss (ECF No. 39) be DENIED.

11

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 22, 2021**                    /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE