UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA D. BLAND,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REUBEN A. SALAZAR II,<br><br>　　　　　Defendant. | No. 1:19-cv-01499-NONE-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING DEFENDANTS' MOTIONS TO DISMISS AND STRIKE, AND ORDERING DEFENDANT TO FILE ANSWER WITHIN TWENTY-ONE DAYS OF SERVICE<br><br>(Doc. Nos. 39, 45, 47) |

　　　　Joshua Bland ("plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On December 7, 2020, defendant Salazar filed a motion to dismiss and a request for judicial notice. (Doc. Nos. 39, 40.) Plaintiff filed an opposition to defendant's motion to dismiss on December 21, 2020. (Doc. No. 42.) Defendant filed a reply on December 28, 2020. (Doc. No. 43.) Plaintiff filed an unauthorized surreply on January 6, 2021. (Doc. No. 44.) Defendant filed a motion to strike the surreply on January 13, 2021. (Doc. No. 45.)

　　　　On April 23, 2021, the assigned magistrate judge entered findings and recommendations, recommending that defendants' motions to dismiss and strike be denied. (Doc. No. 47.) The

1  parties were provided an opportunity to file objections to the findings and recommendations, with
2  plaintiff filing objections on May 12, 2021. (Doc. No. 48.) Defendant did not file objections or
3  respond to plaintiff's objections.

4  Although the findings and recommendations recommend that defendant's motions be
5  denied, plaintiff objects to the magistrate judge's findings with respect to some of his arguments
6  advanced in opposition to the pending motions. Plaintiff continues to assert that the Prison
7  Litigation Reform Act ("PLRA") is unconstitutional (*id.* at 1, 4–5), but that argument must be
8  rejected. The statute's exhaustion requirement in particular has been consistently upheld in
9  decisions that are binding on this court. *See, e.g.*, *Jones v. Bock*, 549 U.S. 199, 211 (2007)
10 ("[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in
11 court."); *Panaro v. City of N. Las Vegas*, 432 F.3d 949, 954 (9th Cir. 2005) (stating the PLRA
12 "represents a Congressional judgment that the federal courts may not consider a prisoner's civil
13 rights claim when a remedy was not sought first in an available administrative grievance
14 procedure."). Plaintiff also contends that the California Attorney General should represent
15 plaintiff in this action instead of the defendant (Doc. No. 48 at 3–4), but as stated by the
16 magistrate judge, there is no relevant authority supporting plaintiff's proposition in this regard.

17 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
18 *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's
19 objections, the court concludes that the magistrate judge's findings and recommendations are
20 supported by the record and by proper analysis.

21 Accordingly,

22 1.  The findings and recommendations issued on April 23, 2021, (Doc. No. 47), are
23     adopted in full;
24 2.  Defendant's motion to strike (Doc. No. 45), is denied;
25 /////
26 /////
27 /////
28 /////

3.   Defendant's motion to dismiss (Doc. No. 39), is denied; and

4.   Defendant will have twenty-one (21) days from the date of service of this order to file his answer.

IT IS SO ORDERED.

Dated:   **August 27, 2021**

UNITED STATES DISTRICT JUDGE