UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA D. BLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>REUBEN A. SALAZAR II,<br><br>    Defendant. | Case No. 1:19-cv-01499-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS BE GRANTED AND THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE<br><br>(ECF No. 69)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

    Joshua Bland ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's claim against defendant Reuben A. Salazar II for violation of Plaintiff's Fourteenth Amendment right to due process.  (ECF No. 32, p. 1).  This claim is proceeding based on allegations that Plaintiff attempted to send his hearing aids to his father so that they could be repaired, but because he had insufficient funds to pay for shipping, his hearing aids were not sent to his father or returned to him.  (ECF Nos. 16 & 19).

    On January 31, 2022, Defendants filed a motion for summary judgment.  (ECF No. 66).  On February 14, 2022, Plaintiff filed a document titled "Notice to Withdraw from Prosecution of Action Without Prejudice" (ECF No. 69), which the Court now construes as a motion to voluntarily dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure

1

41(a)(2). Plaintiff states that, due to emotional distress and mental decay, he no longer wants to prosecute this action.

On February 15, 2022, Defendant filed a notice of non-opposition to Plaintiff's filing. (ECF No. 71). Defendant also stated that he reserves the right to file a Bill of Costs. (Id. at 2). On that same day, the Court noted that Plaintiff could not unilaterally dismiss his case via a notice of dismissal, and gave defense counsel "twenty-one days from the date of service of this order to meet and confer with Plaintiff regarding voluntary dismissal of this action, and if the parties reach an agreement, to submit a joint stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)." (ECF No. 72, p. 2). The Court noted that if the parties could not reach an agreement, Plaintiff may file a motion to voluntarily dismiss the action. (Id.).

The twenty-one-day deadline has passed, and the parties have not filed a joint stipulation. Additionally, Plaintiff has not filed a motion to dismiss and did not respond to Defendant's motion for summary judgment.[1]

Given Plaintiff's statement that he no longer wishes to prosecute this case, Plaintiff's failure to respond to Defendant's motion for summary judgment, and the parties' failure to file a joint stipulation dismissing this action, the Court will treat Plaintiff's notice of voluntary dismissal without prejudice as a motion pursuant to Federal Rule of Civil Procedure 41(a)(2).

Federal Rule of Civil Procedure 41(a)(2) provides: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Plaintiff has stated that he no longer wants to prosecute this action, and Defendant does not oppose Plaintiff's request to withdraw from prosecution of this action (without prejudice). Accordingly, the Court will recommend that Plaintiff's motion be granted and that this action be dismissed without prejudice.[2]

Based on the foregoing, the Court HEREBY RECOMMENDS that:

---

[1] The Court notes that on February 28, 2022, Plaintiff filed a document titled "Writ for Adequate Remedy at Law…." (ECF No. 73). However, this filing appears to have no relevance to anything that is pending in this case.

[2] This order does not take a position on whether Defendant is entitled to a Bill of Costs. Defendant may file the appropriate motion if it chooses.

1. This action be dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2); and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __March 22, 2022__                    /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE